# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

STEPHEN CHRISTOPHER WRIGHT,

Plaintiff,

v.

KIM GRISHAM,

Defendant.

Case No. C21-5327RSM

ORDER OF DISMISSAL

*Pro se* Plaintiff Stephen Christopher Wright has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #6. The Complaint was posted on the docket on May 17, 2021. Dkt. #7. Summons has not yet been issued.

On May 17, 2021, the Court issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction and for frivolousness under Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). Dkt. #8. The Court gave Mr. Wright 21 days to file a response, warning that failure to respond "will result in dismissal of this case." *Id.* at 3. Mr. Wright has failed to file a timely response.

Plaintiff, a Washington State resident, brings this action against Kim Grisham, "a resident of Hot Springs, Arkansas." Dkt. #7 at 1. Mr. Wright alleges that Ms. Grisham "falsely entered into the Arkansas Office of Child Support system information regarding a non-existent

court order for Plaintiff to pay monies…" *Id.* There are no further details in the Complaint about Ms. Grisham. Mr. Wright provides no details as to Ms. Grisham's actions or her association with any government entities. There is no allegation that Ms. Grisham had any contacts with the State of Washington. The Complaint alleges federal question jurisdiction. Dkt. #1-2 (civil cover sheet); Dkt. #7 (citing 42 U.S.C. §1983).

Federal Rule of Civil Procedure 12(h)(3) provides that the Court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. This issue can be raised *sua sponte*. Furthermore, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Complaint appears to relate to an enforcement of a child support action, which is outside of federal subject matter jurisdiction both because family law matters are handled by the states and because federal court review of state court decisions is barred under the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") The Complaint fails to allege any basis for this Court to have personal jurisdiction over Ms. Grisham. If Ms. Grisham is an employee of the State of Arkansas, the Complaint fails to establish why she is not immune from suit. In addition to all of this, Plaintiff does not support his claims with sufficient facts to establish a claim under the Fourteenth Amendment or any other source of law.

ORDER TO SHOW CAUSE - 2

Considering all of the above, the Court finds that it lacks subject matter jurisdiction and personal jurisdiction, and that this case is otherwise frivolous. Plaintiff's Complaint is thus properly dismissed under Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's claims are DISMISSED and this case is CLOSED. The Clerk shall send a copy of this Order to Plaintiff at 1161 Bogachiel Way, Forks, WA 98331.

.

DATED this 8th day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE